**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Frazier EVANS, Defendant-
Appellant.
No. 16014.**

United States Court of Appeals
Seventh Circuit.
Sept. 28, 1967.

Richard H. Devine, Thomas J. Maloney, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Gerald Milton Werksman, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

After a trial to a jury, defendant was convicted of violations of the Federal Narcotics laws. The indictment was in five counts but the trial court struck all evidence relating to Counts 3 and 4.

Count 1 charged defendant with selling a narcotic drug not in pursuance of a written order, in violation of Title 26 U.S.C. § 4705(a), and that one Delores Doyal was an aider and abettor. Counts 2 and 5 charged similar offenses.

Two reasons for reversal are urged by appellant, 1) that the search of the automobile away from the scene of the arrest was an unreasonable search and seizure, hence defendant's motion to suppress should have been granted, and 2) the eleven months' delay between the alleged offense and the issuance of a complaint was a denial of due process to defendant.

Federal Narcotic agents Hill and Kerstann arrested defendant Evans on April

7, 1966, in the six hundred block of East 47th Street in Chicago. Agent Hill knew that a warrant charging defendant with the sale of narcotics had been issued, and apparently both agents knew him by sight. The proof disclosed that the Commissioner's warrant was issued on March 29, 1966.

On the day of the arrest, the agents saw Evans enter the Green Diamond tavern, and they arrested him as he left the tavern and was getting into his automobile.

A search of Evans' person was made, and the agents started to search defendant's automobile when they noted a number of people were gathering near them. They decided it was advisable to move quickly. Defendant was placed in the agent's car and one of the agents drove the defendant's car. The two automobiles were driven to the basement of the federal building in Chicago, the trip consuming fifteen or twenty minutes.

After the two automobiles arrived at the federal building, the agents, in the presence of defendant Evans, searched Evans' automobile and discovered three metal measuring spoons which admittedly belonged to defendant Evans; also, two packages wrapped in aluminum foil were discovered. These contained a white powder which a field test proved to be a narcotic. Evans denied that he owned the packages and their contents. The narcotics discovered and seized were evidence which had a direct relation to Evans' unlawful conduct. Warden v. Hayden, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ We hold the trial court acted correctly in denying the motion to suppress. A warrant had been issued for defendant who had twice previously been convicted of narcotic charges. The arresting officers knew that such a warrant was outstanding. We think the agents came to a reasonable conclusion that the search of the automobile should not be continued at the place where the search was first undertaken in view of the gathering crowd. As Judge Weinfeld said in United States ex rel. Montgomery v. Wallack, 255 F.Supp. 566, 569 (S.D.N.Y. 1966)—"We need no current reminder that arrests in a crowded, substandard neighborhood ofttimes trigger explosive action. * * *"

Defendant relies principally on one sentence taken from the opinion in Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). More applicable to the case at bar is the statement in Cooper v. State of California, 386 U.S. 58, 61, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967)—"* * * This case is neither *Preston* nor controlled by it. * * *"

■ Defendant overlooks the basic rule of both *Preston* and *Cooper*. The Fourth Amendment test is whether the search was reasonable. We hold that under the circumstances of this case, the search of defendant's automobile, conducted in the presence of the defendant, was a reasonable search.

■ The second argument urged by defendant is that the delay between the offenses alleged in Counts 1 and 2 and the issuance of the complaint, a period of nearly eleven months, was a denial of due process because he was unable to defend himself. Defendant claims that because of this lapse of time, he could not clearly recall what occurred on May 13, 14, 1965.

It should be pointed out that defendant's defense in this case was a denial that he had seen agent Jackson on the days described in the indictment; that he had, at no time, ever sold narcotics to agent Jackson; and that he was not present when narcotics were transferred to agent Jackson. In this Court, defendant claims he cannot recall the crime.

The evidence indicates that defendant Evans had sources of supply for narcotics in Mexico and California. In such a case, it would seem reasonable that an extended investigation might be required. It would seem the delay was based upon a valid police purpose.

There was, indeed, a delay of ten and a half months between the first offense charged and the date of the complaint.

However, in United States v. Panczko, 367 F.2d 737, 738–739 (1966), this Court held that an elapse of fourteen months between the arrest of the government's chief witness who implicated the defendant at the time of his arrest, and the date of the return of the indictment, was not grounds for reversal. We stated—"Certainly the government is entitled to a reasonable time in which to investigate a case such as this, and prepare it for prosecution limited only by the statute of limitations." Here also "the indictment was returned within the period provided by the statute of limitations."

We hold that the delay complained of did not result in a denial of due process to the defendant, and was permissible under the circumstances of this case.

The judgment of the District Court is Affirmed.