**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James T. HARVEY, Defendant-Appellant.
No. 15863.**

United States Court of Appeals
Seventh Circuit.
July 5, 1968.

Terence MacCarthy, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, SWYGERT, and FAIRCHILD, Circuit Judges.

SWYGERT, Circuit Judge.

James T. Harvey appeals from a judgment of conviction entered on three counts of a four-count indictment returned on February 4, 1965.[1] The indictment charged Harvey with: (1) unlawfully making a "double barreled sawed-off shotgun," without paying a tax on the shotgun to the Secretary of the Treasury, in violation of 26 U.S.C. § 5821(a); (2) unlawfully making the same shotgun without declaring his intention to do so to the Secretary of the Treasury prior to its making, in violation of 26 U.S.C. § 5821(e); and (3) unlawfully possessing the same shotgun, made in violation of 26 U.S.C. § 5821, in violation of 26 U.S.C. § 5851.[2]

Before the trial, Harvey made a motion to suppress the shotgun as evidence which was denied after a hearing and arguments of counsel. Upon Harvey's waiver of a jury trial, the case was presented on a stipulation that the district court consider the same evidence on the question of guilt that was presented at the hearing on the motion to suppress.[3] Harvey was found guilty on all three counts and sentenced to concurrent five-year terms of imprisonment. Although Harvey raises several issues before this court in urging that his conviction be reversed, the dispositive issue concerns the propriety of the district court's denial of Harvey's motion to suppress the evidence of the shotgun.

Upon arriving for work on October 4, 1964, two Chicago police officers, Sergeant Boone and Officer Long, received copies of the Chicago Police Daily Bulletin. Contained in that bulletin, under the caption, "Wanted for Investigation," were two pictures of Harvey, his name, address, and physical appearance, the license number and make of car he was thought to be driving, and the statement,

1. A fourth count of the indictment which charged unlawful interstate transportation of a pistol in violation of 15 U.S.C. § 902(e) was dismissed on the Government's motion.

2. While this appeal was pending, the Supreme Court decided Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968). In *Haynes*, the Court held that:

    [A] proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under § 5841 or for possession of an unregistered firearm under § 5851. 390 U.S. at 100, 88 S.Ct. at 732.

    Although both Harvey and the Government have expressed their views to us on the applicability of *Haynes* to the instant case, we need not reach that issue in view of our disposition of the case.

3. The motion to suppress was renewed before the court at the time of the trial.

"Wanted for investigation of armed robbery committed at 9109 South Stony Island Ave." [4] Based on the information in the bulletin, the officers proceeded to the address mentioned, arriving shortly after 6 p. m. They observed the vehicle referred to in the bulletin parked unoccupied at the curb and assumed a position about a block away in their marked patrol car to keep it under observation. At approximately 8 :15 p. m., the officers, having observed a person enter the vehicle, curbed it within the space of less than a block.

When the occupant got out of the vehicle, he was asked by one of the officers, "Are you James Harvey?" Harvey replied in the affirmative whereupon he was immediately placed under arrest, subjected to a search of his person, handcuffed, and put into the rear seat of the police car. One of the officers then searched the interior and trunk of Harvey's vehicle, finding "simple changes of clothing in the trunk of the automobile, nothing else—nothing illegal, * * *." The officers, one driving the police car containing Harvey and the other driving Harvey's vehicle, proceeded to the police station, arriving at approximately 8 :35 p. m. At the station, the officers returned to Harvey the keys to his vehicle. About ten minutes after arriving at the station, one of the officers, "thought * * * [he] had better go down and check the car again, and * * * asked him [Harvey] for the keys, again, * * *." [5] The two officers then proceeded to search "the car again more thoroughly," uncovering, among other things, a revolver under the dash board and the sawed-off shotgun under the hood next to the battery. Neither the search of Harvey's vehicle when he was first arrested nor the search of the vehicle after arriving at the station was conducted pursuant to a search warrant.

Harvey urges that the district court erred in denying his motion to suppress [6] the shotgun which he argues was seized pursuant to a warrantless search that was not incidental to a valid arrest. [7] Assuming *arguendo* the validity of Harvey's arrest, we believe that the search of his vehicle without a warrant, conducted after he was brought to the police station, was unreasonable and in violation of the fourth amendment.

In the case of Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964), the Supreme Court considered whether a particular search and seizure was incidental to a lawful arrest, thereby falling within one of "the exceptions to the constitutional rule that a search warrant must be had before a search may be made." Preston and two companions were arrested for vagrancy after the police received a complaint that they had been acting suspiciously for several hours while seated in a parked automobile. The men were searched, taken to the police station, and their car was towed to a garage. "Soon after the men had been booked at the station," 376 U.S. at 365, 84 S.Ct. at 882, the police went to the garage, searched the car and

---

4. The full description in the bulletin read as follows:

WANTED FOR INVESTIGATION
(Profile and front picture of James T. Harvey)
JAMES T. HARVEY—I.R. 75419
6550 South Green Street
M/N, 40, 5–10, 220, stout build, medium brn comp, brn eyes, black hair, clean shaven, has large eyes. May be driving a 1963 or 64 dark green Mercury, 64 Illinois license KG 5849. Wanted for investigation of armed robbery committed at 9109 South Stony Island Ave. R.D. C301893—Robbery Unit, Area 2.

5. After arriving at the station, the officer learned that Harvey "had served time for armed robbery, and he was out on bond for armed robbery at that time."

6. Harvey's motion to suppress the seized weapons was granted in a state court prosecution charging him with unlawful use of weapons.

7. Harvey also argues that his arrest without a warrant was. invalid.

uncovered a variety of articles.[8] These articles were later admitted into evidence, after the denial of a motion to suppress, at a trial which resulted in convictions for conspiracy to rob a federally insured bank, 18 U.S.C. § 2113.

The Supreme Court concluded that the search in *Preston* was unreasonable and, therefore, in violation of the fourth amendment because it "was too remote in time or place to have been made as incidental to the arrest." 376 U.S. at 368, 84 S.Ct. at 884. In reaching this conclusion, the Court observed that the traditional justifications for an incidental search without a warrant were absent because the defendants had been arrested, were in custody, and their car was towed to a garage. Thus the search was not necessary, "to seize weapons and other things which might be used to assault an officer or effect an escape, * * * [or] to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control." 376 U.S. at 367, 84 S.Ct. at 883.

We believe that the instant case is controlled by *Preston*. There is no question that Harvey was under arrest and in custody when his vehicle was searched at the police station. The search was not necessary, therefore, to protect the officers or to prevent the destruction of evidence since neither Harvey nor any-

one associated with him had any control over the vehicle or its contents. Although the listing of justifications for a warrantless search in *Preston* was merely illustrative, the Government has suggested no additional justification to sustain the search in the instant case. Once Harvey was arrested and in custody, the search "made at another place, without a warrant, * * * [was] simply not incident to the arrest." Preston v. United States, supra, 376 U.S. at 367, 84 S.Ct. at 883; United States v. Nikrasch, 367 F.2d 740 (7th Cir. 1966).

Our conclusion that the search in the instant case was unreasonable is not affected by the decision in Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), in which the Supreme Court distinguished *Preston*. Although the search of the vehicle in *Cooper* (concededly not incidental) was conducted a week after the defendant's arrest, the vehicle itself was being held by the police pursuant to a state law as evidence until a forfeiture proceeding. As the Supreme Court said in *Cooper*, "This case is neither *Preston* nor controlled by it." 386 U.S. at 61, 87 S.Ct. at 791.[9]

Since the search of Harvey's vehicle at the police station by the local police officers was not reasonable, the district court erred in denying Harvey's motion to suppress the evidence obtained as a result of that search. Elkins v. United

8. The articles included two revolvers, caps, women's stockings, rope, pillow slips, and an illegally manufactured license plate.

9. Three cases relied on by the Government are distinguishable. In United States v. Evans, 385 F.2d 824 (7th Cir. 1967), we held that a search of a defendant's automobile in his presence at a different location from and twenty minutes after his arrest was reasonable because of a crowd gathering at the time and place of his arrest. In Price v. United States, 121 U.S.App.D.C. 62, 348 F.2d 68, cert. denied, 382 U.S. 888, 86 S.Ct. 170, 15 L.Ed.2d 125 (1965), the first search of the defendant's car was conducted at the police station after his arrest, but the fruits of the search were plainly visible at the time of the arrest. The second search was conducted after a policeman saw the lights of defendant's car blink on and off. The officer saw a man reaching under the seat. He arrested the person, took him to the police station across the street, and immediately returned to the car where he found incriminating evidence under the seat. In Arwine v. Bannan, 346 F.2d 458 (6th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965), the search of the defendant's car was conducted in his presence at the police station several hours after his arrest in a different location. During the period after his arrest and before the search, however, the defendant remained in his car as a decoy.

States, 364 U.S. 206, 80 S.Ct. 1437, 4 L. Ed.2d 1669 (1960).

The judgment of the district court is reversed, and the case is remanded.