**Jack Dwight McCOY, Petitioner,**
**v.**
**Hoyt C. CUPP, Warden of Oregon State Penitentiary, Respondent.**
**Civ. No. 68–367.**

United States District Court
D. Oregon.

March 4, 1969.

John F. Weisser, Jr., Portland, Or., for petitioner.

Robert Y. Thornton, Atty. Gen. of Or., David H. Blunt, Asst. Atty. Gen., Salem, Or., for respondent.

OPINION

SOLOMON, Chief Judge.

A State court jury convicted Jack Dwight McCoy (Petitioner) of rape, and the State Supreme Court affirmed. State v. McCoy, 86 Or.Adv.Sh. 217, 437 P.2d

734 (1968). This Court has jurisdiction to determine Petitioner's claim that he is in State custody in violation of the Constitution of the United States. 28 U.S.C. § 2241 et seq. The single issue is whether a search of Petitioner's car was unreasonable under the Fourth Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081 (1961).

After the rape, the victim gave the police the license number of the automobile in which the crime occurred. Tracing the number, the police identified Petitioner and, after securing an arrest warrant, took him into custody in his shop at about 5:30 P.M. Petitioner was taken to the police station. His car, parked outside, was towed to the police garage where it was thoroughly searched at about 6:35 P.M. One of the arresting officers testified that the car was taken to the garage because it was raining and the police wanted to preserve fingerprints.

A thorough search of Petitioner's car produced hairs similar to the victim's and a rag with semen on it which the Petitioner had used to wipe himself after the rape. These were admitted in evidence over Petitioner's objection.

The State courts upheld the legality of the search as incident to a lawful arrest. The police did not have a search warrant. The Petitioner claims the search was illegal because it was too remote in time and place to his arrest. Probable cause existed to search Petitioner's car. The question is whether the search was invalid because the police did not obtain a search warrant.

■■ The cases in this area are divided. See 19 A.L.R.3d 757–774. The test is one of reasonableness. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). A police officer must secure a warrant prior to most searches. Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). But where a search is justified under an exception to the warrant requirement, the determination whether the search falls within the exception is tested against a standard of reasonableness. United States v. Rabinowitz, supra; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

■ Searches incident to lawful arrests are usually justified by the need to remove evidence or weapons from the suspects' control. Preston v. United States, supra at 367, 84 S.Ct. 881. See also Boyden v. United States, 363 F.2d 551 (9th Cir. 1966). This reason is not the exclusive justification for such a search. A search may still be reasonable as incident to a lawful arrest even though there is no danger that the suspect will destroy evidence or produce a weapon. United States v. Rabinowitz, supra. Reasonableness, not necessity, is the controlling principle. Fraker v. United States, 294 F.2d 859 (9th Cir. 1961). But see, United States v. Harvey, 397 F.2d 526 (7th Cir. 1968); Schoepflin v. United States, 391 F.2d 390 (9th Cir. 1968) (dicta).

Here, the police searched Petitioner's car an hour after his arrest. Petitioner was arrested in his shop when his car was parked only ten feet away. The police could reasonably have searched the car at the time of the arrest. Browning v. United States, 366 F.2d 420 (9th Cir. 1966); United States v. Francolino, 367 F.2d 1013 (2d Cir. 1966); Harris v. Stephens, 361 F.2d 888 (8th Cir. 1966). Instead they removed the car to a garage to preserve fingerprints. The search was conducted at the garage immediately after its arrival.

Unlike Preston v. United States, supra, the automobile, here, was lawfully seized as an instrument of the crime for which Petitioner was arrested. There was a valid reason to delay the search of the car until it was in the police garage. The search was for evidence of the same crime for which Petitioner was arrested.

■ This case also differs from Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968). There, defendant's car was searched at his residence four hours after he was arrested and arraigned. The Court held that although the warrantless

search violated the Fourth Amendment, it was harmless error. Here, the police were authorized to search immediately after they arrested Petitioner. Browning v. United States, *supra*. The one hour delay was justified by the exigencies of the situation. Under all the facts, I believe the search was reasonably incident to Petitioner's arrest. Fraker v. United States, *supra*; United States v. Trotta, 401 F.2d 514 (4th Cir. 1968); United States v. Dento, 382 F.2d 361 (3d Cir. 1967).

The petition is denied.

This opinion shall constitute findings of fact and conclusions of law in accordance with Rule 52(a) Fed.R.Civ.P.