**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Maurice W. STEVENSON, Defendant-Appellant.**

**No. 16894.**

United States Court of Appeals Seventh Circuit.

April 11, 1969.

Rehearing Denied May 23, 1969.

Howard T. Savage, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Howard M. Hoffmann, Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge, and KILEY, Circuit Judge.

KILEY, Circuit Judge.

A jury convicted defendant Stevenson under an indictment charging violations, on November 30, 1966, of 26 U.S.C. § 4705(a) in Count I, and 21 U.S.C. § 174 in Count II; and on August 18, 1967, of 21 U.S.C. § 174 in Count III. The sentences on the three counts were to be served concurrently. We reverse the convictions and remand for a new trial.

The evidence shows that on November 30, 1966, with the aid of an informant, narcotics agents purchased heroin from defendant. He was not arrested by narcotics agents until August 18, 1967. The arresting agents searched his automobile and found heroin, which was introduced at Stevenson's trial over his objection.

The court denied Stevenson's pretrial motion to suppress the evidence seized in the search of his automobile on the ground that the search was incidental to his arrest. Stevenson contends that the search was unreasonable and a violation of his Fourth Amendment right, since it was not incidental to a lawful arrest. He further argues that the unlawful search vitiates his conviction under Count III, involving the August 18, 1967 offense, and entitles him to a new trial on Counts I and II covering the alleged November 30, 1966 sale.

A warrant for Stevenson's arrest was issued late in 1966, based on a complaint alleging the November, 1966 sale. He had been sought without success, on numerous occasions, where narcotic peddlers would be likely to be found. The warrant was outstanding when, on August 18, 1967, an agent observed Stevenson's 1966 maroon Buick, which the agent had seen Stevenson driving during the alleged November, 1966 transaction. The agents followed the Buick, arrested Stevenson, searched him, and placed him in a government car. One agent then drove Stevenson's Buick, followed by a government car containing Stevenson and by a second government car. The tandem of cars traveled about one and a half blocks, where Stevenson was again searched and where his Buick was searched and the heroin found under a mat on the floor.

Stevenson concedes that the arrest was valid, but contends that under Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and this court's decision in United States v. Harvey, 397 F.2d 526 (7th Cir. 1968), the search was not incidental to the arrest and was unreasonable because made at "another time and place."

*Preston* involved a warrantless arrest by state officers for vagrancy. The defendants were taken to the police station and defendants' car was driven to the station, before it was towed to a garage. After defendants were booked, officers searched the car at the garage, found loaded revolvers in the glove compartment and other incriminating evidence in the trunk. One of the defendants confessed. An indictment for conspiracy to rob a federally insured bank followed, and the objects seized were admitted into evidence at the trial. The defendants were convicted largely upon that evidence. The court of appeals affirmed, but the Supreme Court reversed and remanded.

The Court held that the search and seizure was unreasonable as "too remote in time or place" to be incidental to the arrest, that the evidence seized was "to-

tally unrelated" to the vagrancy charge and not within any of the exceptions to the Fourth Amendment rule requiring a warrant, since there was no danger that defendants could have used the guns, escaped, or destroyed the evidence—examples given by the Court of exceptions to the rule of unreasonable searches and seizures under the Fourth Amendment.

In *Harvey* this court held unreasonable a warrantless search while Harvey was under arrest and in custody at the police station, about a twenty minute drive from the place of arrest. The court applied *Preston*, since neither Harvey nor any associate had control of the car or its contents. The search made at another place without a warrant " * * [was] simply not incident to the arrest." The court cited United States v. Nikrasch, 367 F.2d 740 (7th Cir. 1966), as well as *Preston*, in support of its holding. In *Nikrasch* this court held that the warrantless search of a stolen car by police at the station eight hours after the arrest was unreasonable under the *Preston* rule as "too remote in time or place to have been made as incidental to the arrest."

The government seeks to distinguish *Preston* and *Harvey* and cites United States v. Evans, 385 F.2d 824 (7th Cir. 1967), and United States ex rel. Montgomery v. Wallack, 255 F.Supp. 566 (S.D.N.Y.1966). It argues that *Preston* is distinguished, since vagrancy does not involve the use of an automobile or transportation of contraband which justifies impounding of the car as in Cooper v. California, 386 U.S. 58, 60, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

One of the agents in the case before us testified that he told Stevenson the car was being seized because used for transporting narcotics. Although narcotics are contraband, this fact is unimportant as to its effect on justification of a search. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). However, if the search which discovered the narcotics being transported was unlawful, the basis for seizing the car would be removed. The govern-

ment argues that *Harvey* is distinguished because no "judicial proceedings" had been started against Harvey and his car was not an "integral part" of the suspected violation. Neither had judicial proceedings begun—except in a very loose sense—against Stevenson, and Harvey was "wanted" for investigation of armed robbery in which his car was probably an integral element.

Justice Black, who wrote *Preston*, also wrote the *Cooper* opinion. Cooper was arrested for sale of heroin and was convicted on the basis of a small paper sack seized without a warrant, a week following his arrest, from the glove compartment of his car in a garage, where it had been impounded. His conviction was affirmed by the Supreme Court of California, on the ground that although *Preston* controlled, the error admitting that evidence at his trial was harmless. The Supreme Court of the United States did not reach the harmless error point. It distinguished *Preston* on the grounds that California conceded the search was not incidental to the arrest and that the car in *Preston*, in view of the vagrancy charge, was not under the authority of the police but was as if in Preston's, or his agent's, possession; whereas in *Cooper* the officers were *required* under California law to seize and impound the car pending forfeiture proceedings. The Court said the search in *Cooper* was closely related to the reason for the arrest and to the impounding and retention of the car, and it was not unreasonable to search it for evidence usable in the forfeiture proceeding.

The *Evans* and *Wallack* cases are cited primarily to justify the agents searching Stevenson's car at "another time and place." The government argues that when Stevenson was arrested at a crowded intersection on the near south side of Chicago, the agents were prudent in moving to a nearby place, away from danger and from the busy intersection. We agree that the few minutes and short distance involved is not "too remote in time or place" and accordingly was not unreasonable for that reason under the

*Preston* rule. We therefore consider the search as if it occurred when Stevenson was arrested.

This court's decision in *Evans* is distinguishable from the case now before us. The question of reasonableness of a search depends on the various factual situations. See Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). True, a warrant was outstanding for Evans, as for Stevenson, for narcotics law violations. But Evans had been twice previously convicted of similar violations, whereas the record in *Stevenson* shows merely the outstanding arrest warrant. Also the court in *Evans* thought the evidence seized "had a direct relation to Evans' unlawful conduct"— presumably previous misconduct; but the evidence seized from Stevenson's car had no relation to the alleged misconduct subject of the warrant and so far as the record shows there was no previous "misconduct."

The court in *Evans* presumably thought that the defendant's prior record furnished probable cause for concluding that he was continuing his illegal narcotics violation bent, and arrested him on that reasonable probability. But we cannot say that because a probable cause arrest warrant was outstanding for the alleged November 30, 1966 offense, the agents could add the further probability that Stevenson was committing an offense when they arrested him and searched his car. The evidence shows that the agents arrested him, not for having committed an offense in their presence, but because of the outstanding warrant.

█ The search was not for evidence of the offense for which the warrant issued. This was already in the government's possession from the November 30, 1966 transaction. The search was for evidence, which the agents presumably suspected Stevenson might be possessing and transporting on the day of the arrest. They had no information that he was doing so. The search was not reasonable as incidental to a lawful arrest because there was no danger to agents, of the car being used to escape, or of the evidence, relating to the arrest warrant, being destroyed. Accordingly, none of the exceptions illustrated in *Preston* are present. And the government—as Judge Swygert observed in *Harvey*—has not suggested any additional exception under its burden to justify the search. United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951).

We hold, under *Preston* and *Harvey*, that the search of Stevenson's car was unreasonable and violated his Fourth Amendment right, and that the admission of the evidence found was prejudicial and vitiated the conviction on Count III.

█ Normally where sentences are concurrent on several counts we sustain a conviction if valid on any of the counts. Here however we think it is highly probable that Stevenson was prejudiced under Counts I and II by the introduction of the evidence to prove Count III. We think, in fairness, the three convictions should be set aside.

Since we remand for new trial, we do not decide other points raised here by Stevenson. We merely point out that if he is unhappy with the attorney already appointed to represent him, Stevenson has the option of requesting, before retrial, appointment by the district court of a substitute or employment of an attorney of his own choice; and point out too that we found no error either in the claim that the district court "compounded" erroneous questioning of an agent witness by cross-examining the agent, or in allowing the questions asked by the prosecutor. We think it would be improper to now decide the constitutional question, raised by Stevenson, whether the rule in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), extends to render violative of the Fifth Amendment the prosecutor's argument to the jury that an inference of guilt could be drawn from the agent's testimony—that at the time of arrest Stevenson remained silent when asked questions.

Reversed and remanded.

**358**

DUFFY, Judge (concurring):

Some of the facts in the instant case are similar to those in United States v. Evans, 385 F.2d 824 (7 Cir., 1967). I believe our decision in *Evans* is correct and should be followed, if pertinent. However, I concur in the opinion written by Judge Kiley that our decision in *Evans* is distinguishable and not controlling in the case at bar.

In this case, defendant strongly urges that the District Judge used undue psychological coercion on defendant to cause him to abandon his request for a new counsel, and also with reference to a certain stipulation as to evidence received. I agree with Judge Kiley that we need not decide these questions in view of the fact that a new trial will be held.