**UNITED STATES of America ex rel. Lyman Austin MOORE, Petitioner-Appellant,**

v.

**Joseph WOODS, Sheriff of Cook County, and Jack Johnson, Warden, Cook County, Respondents-Appellees.**

**No. 17157.**

United States Court of Appeals
Seventh Circuit.

Jan. 13, 1970.

---

Gannon, Chicago, Ill., for respondents-appellees; Elmer C. Kissane, Asst. State's Atty., of counsel.

Before KNOCH, Senior Circuit Judge, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed petitioner Moore's habeas corpus petition, and he has appealed. We affirm.

On March 26, 1963, Moore was convicted of armed robbery and was sentenced to a term of from twenty to forty years imprisonment. Barbee and Magby, who were tried with Moore, were found guilty and not guilty, respectively. The convictions of Moore and Barbee were affirmed by the Illinois Supreme Court, People v. Moore, 35 Ill.2d 399, 220 N.E.2d 443 (1966), and a petition for rehearing to that court was denied. The United States Supreme Court denied certiorari.[1]

The habeas corpus petition was filed October 18, 1967, alleging denial of Fourteenth Amendment due process rights at the state armed robbery trial by prejudicial conduct of the prosecutor; denial of the Fourth Amendment right by an unreasonable search of an automobile and seizure of a shotgun; and denial of the Fifth Amendment right not to be a witness against himself by introduction of evidence of Moore's refusal to answer questions while in custody before arraignment.

The district court examined the transcript of the state trial proceedings and found a fair trial had been held with no violation of Moore's constitutional rights. The court also "examined and considered" the Illinois Supreme Court opinion affirming Moore's conviction and found itself "in accord" with the opinion. Although the district court dismissed the petition, it certified that

Lyman Austin Moore, Edward R. Lev, James B. Fadim, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Edward V. Hanrahan, John Roger McClory, John

I. Moore is currently in the Cook County, Illinois jail under a death sentence following conviction in May, 1964, by a jury, of murder. This conviction was affirmed by the Illinois Supreme Court, and a petition for rehearing was denied March 25, 1969. Petition for certiorari from that decision is now pending in the United States Supreme Court.

"there may exist probable cause for an appeal."

The state conviction arose from a robbery which occurred in July, 1962. Moore was not arrested until the following October when he was taken into custody in connection with shots fired at a Chicago policeman, Thomas Clifford. After the firing of the shots, two men were seen fleeing from a parked automobile. Clifford called more police, and the additional officers made a warrantless search of the automobile. A loaded "sawed-off" shotgun was found.[2] Two policemen were staked out near the suspect car and, a few hours after the shooting, Moore and Barbee were arrested as they returned to enter the car.

In his opening statement, the prosecutor was detailing the events which led to the defendants' arrests. He said the policeman "saw them [the defendants] this way because he was fired upon." Later, a police officer witness was asked under what circumstances Barbee was being held. He answered, "He was being held after his arrest during the previous evening * * * and there was [sic] guns found in his car and he had fired on a police car." Motions for mistrial for the opening statement and the policeman's testimony were denied.

On appeal after conviction, the Illinois Supreme Court found no abuse of discretion in denying the motions for mistrial because the trial court instructed the jury to disregard the challenged testimony and also because a request for a cautionary instruction as to the comment in the opening statement was withdrawn, and there was no showing of bad faith on the part of the prosecution. Similarly, the Illinois Supreme Court found no reversible error with respect to Moore's claim of unfairness in the prosecution's display of the five firearms, similar to those the defendants had carried during the robbery, before the jury prior to receiving three of them in evidence. People v. Moore, 35 Ill.2d at 403–405, 220 N.E.2d at 445–447 (1966).

The Illinois court's decisions on these questions were decisions of law upon uncontroverted facts. They were not presented to that court as federal constitutional questions. Had they been, we would not be bound by the court's decisions with respect to them. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963). However, we are persuaded by the Illinois Supreme Court's careful review of the relevant facts and its reasoning in disposing of the claimed state procedural errors at the trial, and accept that reasoning as fairly dispositive of Moore's Fourteenth Amendment due process claim made here. We hold that the district court did not err in deciding that there was no denial of due process in the state trial court's rejection of the motions for mistrial.

The Illinois Supreme Court also rejected the contention that the search of the automobile was unreasonable and invalid under Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The court thought the search was reasonable in light of the fact that shots were fired from the parked automobile in the middle of the night, that the police had no way of knowing if the defendants would return or, if they did return, whether they would attempt to take a weapon from the car and attempt an escape. Though we are not bound by the state court's decision on this federal constitutional question, Townsend v. Sain, *supra*, we again accept the reasoning of the Illinois court as a correct decision dispositive of Moore's similarly stated Fourth Amendment violation claim here. We hold that the warrantless search of the automobile was reasonable under the circumstances.

The facts before us are not like those in Mosco v. United States, 301 F.2d 180 (9th Cir. 1962), where a search of defendant's apartment was made prior to

---

**2.** The gun was subsequently introduced into evidence in the state trial for the July armed robbery.

his arrest. The court held a search made prior to an arrest and at a time when the officers were "physically unable" to make an arrest could not be regarded as incident to an arrest. There was no valid reason found why the officers could not have obtained a warrant. Nor is United States v. Stevenson, 409 F.2d 354 (7th Cir. 1969), applicable. In the case before us the police had reason to believe the guns were used in the shooting incident and might be used against the staked-out police should the two men return to the automobile from which the police had already been fired upon.[3]

■ We see no basis for a claim of prejudice in testimonial reference to a shoulder holster on Moore, where it was not in evidence. The officer was detailing what was found on defendants when they were arrested, and there was no emphasis placed on the existence of the holster. The fact that Moore denied having one is not conclusive in his favor.

■ The only question raised here which was not raised in the Illinois Supreme Court is that Moore's Fifth Amendment right not to incriminate himself was violated by testimony that Moore "refused" to answer questions during a pre-trial custodial examination. The policeman testified that he asked Moore his name and address. Moore answered. Then the following questions and answers were given:

Q. * * * did you ask him any other questions?

A. Yes sir.

Q. Did he give you any other answers?

A. No sir, no other answers.

Moore does not deny that no comment was made about this "refusal" to answer, during the two-week trial. Consequently, Griffin v. California, 380 U.S. 609, 610, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1964), does not apply. We think this contention is meritless.

For the reasons given, the judgment is affirmed.

The court expresses its appreciation to Mr. James B. Fadim, of the Illinois Bar, for his dedicated services as court-appointed counsel.

Affirmed.

---

3. See remarks of Justice Schaefer in People v. Moore, 35 Ill.2d at 402–403, 220 N.E.2d at 443 (1966).