**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George DELONEY and Harriet Deloney, Defendants-Appellants.**

**No. 16090.**

United States Court of Appeals Seventh Circuit.

Jan. 25, 1968.

Rehearing Denied Feb. 14, 1968.

R. Eugene Pincham, Earl E. Strayhorn, Charles B. Evins, Sam Adam, Chicago, Ill., for defendants-appellants.

Edward V. Hanrahan, U. S. Atty., Nicholas M. Karzen, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, DUFFY and KNOCH, Senior Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendants were charged in a 4-count indictment with violations of the narcotic

laws, 26 U.S.C. § 4705(a); 21 U.S.C. § 174. Two of the counts in the indictment charged an offense alleged to have occurred on March 23, 1965. The other two counts charged an offense alleged to have occurred on April 7, 1965. After a trial, the jury found the defendants guilty as charged.

Prior to the trial, defendants filed a motion to quash and dismiss the indictment. The basis for the motion was that although the offenses were alleged to have occurred on March 27 and on April 7, 1965, the indictment was not returned until September 29, 1965, a period of approximately six months. The motion charged the " * * * unnecessary, unexplained and wilful delay on the part of the Government in bringing the charges * * * violated the Federal Rules (Rule 48(b) of the Federal Rules of Criminal Procedure) and also the Fifth and Sixth Amendment constitutional rights of the defendants."

The motion for dismissal filed by defendants made no claim of prejudice. The trial court denied the motion subject, however, to reconsideration if there were a sufficient showing of prejudice when the case was tried. No such showing was made.

The principal issue to be decided on this appeal is whether the two defendants were denied due process and a fair trial by reason of a six-month pre-indictment delay.

Defendants rely principally on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, 211 (1965). The Court there described the issue as a Fifth Amendment due process issue, "centering around appellant's ability to defend himself." In Ross, the Court of Appeals reversed the District Court's decision that the pre-indictment delay was reasonable, and there was no showing of prejudice by the defendant.

The Government cites eleven opinions of the Court of Appeals for the District of Columbia, subsequent to Ross, in which it claims that Court has ruled that pre-indictment delays of approximately the same length of time as in the instant case, did not amount to a denial of the defendant's rights to due process and a fair trial. Furthermore, Powell v. United States, 122 U.S.App.D.C. 229, 352 F. 2d 705 (1965) is cited as criticizing the Ross decision.

■ It is apparent the judges of the Court of Appeals for the District of Columbia Circuit have held a variety of views on the subject. In the eleven decisions cited, there were four concurring opinions and three dissenting opinions, some of which have been vigorously expressed. We think we can distill from these decisions the rule that before that Court will dismiss an indictment because of pre-indictment delay, an accused must show he has been prejudiced by the delay. Then, the burden is on the Government to show the delay was the result of a valid police purpose.

This Court has considered the question in United States v. Panczko, 367 F.2d 737 (7 Cir., 1966) and in United States v. Evans, 385 F.2d 824 (9/28/67). In Panczko, the pre-indictment delay was fourteen months. In Evans, the delay was ten and a half months before indictment was filed.

■ In Panczko, which involved dealing in counterfeit money, we did say the Government is entitled to a reasonable time to investigate and prepare a case for prosecution limited *only* by the Statute of Limitations which, in that case, was five years. The use of the words "reasonable time" and "only" in the same sentence may be somewhat confusing. We think we should concede that it is possible to conceive of a delay less than the period of the Statute of Limitations that would be so unreasonable and the prejudice to defendant so great, that relief under the Fifth Amendment should be afforded. But this is not the instant case, nor was any such case presented in Panczko or Evans.

It is apparent that some pre-indictment delay usually is necessary to the effective prosecution of certain crimes such as counterfeiting or narcotic offenses. In such cases, there is a great necessity, in the public interest, to use under-cover

agents and informers in order to reach the source of the contraband. Some delay is inevitable.

■ In the instant case, defendants seem to argue that they need not show prejudice. No court decisions have been cited to sustain this contention. We believe there are no such decisions. In any event, we reject this argument.

■ Defendants raise a second issue claiming the remarks made by the Government prosecutor to the jury were improper and prejudicial. We hold these statements were directly related to the issues raised by the defense and to the general issue of defendants' credibility. We hold there was no error in this respect.

The judgment of conviction is Affirmed.