UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie McCORKLE, Defendant-Appellant.

No. 17161.

United States Court of Appeals
Seventh Circuit.

July 15, 1969.

Glenn C. Fowlkes, Charles B. Evins, R. Eugene Pincham, Earl E. Strayhorn, Chicago, Ill., for defendant-appellant Eddie McCorkle.

Thomas A. Foran, U. S. Atty., Howard M. Hoffman, Chicago, Ill., for appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, KILEY, Circuit Judge, and GRANT, District Judge.

CASTLE, Chief Judge.

Defendant appeals from his conviction by the district court, a jury having been waived, for the sale and concealment of heroin in violation of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The four count indictment charged that on January 20, 1966 and February 17, 1966, defendant and his co-defendant, Ben Curry, unlawfully sold certain quantities of heroin to narcotics agent Frank J.

Boyles, and unlawfully concealed and transported said heroin.

Defendant was introduced to agent Boyles, who was posing as an interested buyer of heroin, by Curry on January 19, 1966, at which time defendant promised to deliver narcotics to Boyles for a specified sum. Defendant told Boyles to give the money to Curry. Early the next morning, Curry delivered the drugs to Boyles. A similar procedure was followed in the February 17 sale.

Defendant was arrested on March 16, 1966 by five federal agents, including Boyles. The latter testified that at that time he informed defendant of the nature of the charge, including the dates of the sales and the parties who were present. The next day, a Commissioner's complaint was issued against defendant which set forth the relevant facts behind the February 17 charge, as well as the elements of the offense. A hearing before the Commissioner was held on March 29, 1966. The indictment was not returned until May 2, 1967, about 14 months after the arrest. Defendant, who had been out on bail, was notified of the indictment on June 27, 1967, when he received notice from the United States Attorney to appear for arraignment on June 30, 1967. Defendant, at trial, testified that he could not remember where he was or what he was doing on the dates in question, but that he never dealt in narcotics on any date. His theory of defense was that of mistaken identity. Upon conviction, the district court sentenced defendant to concurrent five year prison terms. Co-defendant, Curry, was dismissed on the ground of prejudicial delay. United States v. Curry, 284 F.Supp. 458 (N.D. Ill.1968).

Defendant's first contention on appeal is that the district court erred in denying his pre-trial motion to dismiss the indictment under Rule 48(b), Federal Rules Crim.Proc.[1] Defendant argues that the delay between his arrest and the return of the indictment was deliberate and purposeful, constituting a violation of his Sixth amendment right to a speedy trial. Defendant cites Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (D.C.Cir. 1966), and United States v. Deloney, 389 F.2d 324 (7th Cir. 1968), to support his claim.

In *Ross*, a delay of seven months occurred between the time of the alleged sale of narcotics and the swearing out of the complaint. The court held that such delay was prejudicial since, in depriving the defendant of notice, it destroyed his ability to defend himself, in violation of the due process clause of the Fifth Amendment. Noting that the record was relatively "barren of reassuring corroboration," 349 F.2d at 212, the court held that the delay was responsible for the defendant's inability to account for himself on the date of the alleged crime. "[I]t was the very nature of appellant's disability that tended to make such a showing [that he would have been able to present a more adequate defense if he had been arrested sooner than he was] impossible. * * * In a very real sense, the extent to which he was prejudiced by the Government's delay is evidenced by the difficulty he encountered in establishing the elements of that prejudice." 349 F.2d at 215.

In Woody v. United States, *supra*, reversal was based on a prejudicial delay which, due to the intervening death of an important witness, prevented the presentation of a meaningful defense. United States v. Deloney, *supra*, held, by way of dictum, that "it is possible to conceive of a delay less than the period of the Statute of Limitations that would be so unreasonable and the prejudice to defendant so great that relief under the Fifth Amendment should be afforded." 389 F.2d at 325.

1. Rule 48(b): "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information, or complaint."

In the instant case, we agree with defendant's statement, contained in his brief, that, as in *Ross*, "the crucial question [is] one of notice." Defendant's main contention regarding delay is that he was prejudiced in that "he had no knowledge of the nature of the charge against him until after the return of the indictment." The record, however, provides sufficient evidence to support the conclusion that defendant actually received notice of the charges either at the time of the arrest[2] or the next day when the Commissioner issued his complaint.[3] There is no contention that the one month delay between the date of the second narcotics transaction and the defendant's arrest was prejudicial. In light of this record, defendant's claim that he had no knowledge of the nature of the charges against him is incredible. The element of notice distinguishes the instant case from *Ross*. Defendant McCorkle, having been notified of the charges against him, has no basis to now claim that his "infirmity"—his alleged inability to account for himself on the dates in question—was caused by the Government's delay.

■ Moreover, it appears that at no time did defendant demand a speedy trial. We recently held in United States v. Hephner, 410 F.2d 930, 932 (7th Cir., May 26, 1969), that "'[T]he right to a speedy trial is the defendant's personal right and is deemed waived if not promptly asserted.'"[4] This doctrine of waiver stems from the reasoning that failure to demand a speedy trial, after the defendant's arrest puts him on notice of pending criminal charges, may establish lack of prejudice. In the instant case, defendant's complacency, after actual notice was received, precludes him from now asserting the delay as the basis of prejudice requiring a reversal. We hold that there was no prejudicial delay of defendant's trial which would have justified a dismissal under Rule 48 (b), or which served to abridge his constitutional right to a speedy trial. See United States v. Jones, 403 F.2d 498 (7th Cir. 1968).

Defendant's attempt to equate his position with that of his co-defendant, Curry, must fail. Curry's post-trial motion to dismiss was granted on the ground that the delay prevented him from asserting his only defense—entrapment—in that it contributed to the absence of a necessary witness. (In this respect, Curry's case was analogous to *Woody*.) No such claim was or could have been made by defendant.

■ Defendant claims a denial of due process and equal protection of the laws[5] because the district court allegedly afforded different considerations to the two defendants, Curry and McCorkle, in reaching its decision to grant the former's and deny the latter's motions to dismiss. As shown above, however, the positions of, and thus the relevant considerations to be afforded to, the two defendants were different. In addition to different defenses, Curry was not arrested until October 1967, more than one and one-half years after the alleged crime, and some five months after the return of the indictment. The district court found that "approximately 20 months elapsed from the date of the offenses to the time defendant was notified of the charges against him." 284

2. The testimony of agent Boyles and the defendant differed on this point. The resolution of this conflict was the responsibility of the trier of fact.

3. This at least put him on notice of the charge growing out of the February 17 transaction.

4. Quoting United States v. Lustman, 258 F.2d 475, 478 (2d Cir. 1958), cert. den. 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109. See also Mack v. United States,

326 F.2d 481, 487 (8th Cir. 1964), United States v. Dichiarinte, 385 F.2d 333, 335 (7th Cir. 1967), O'Brien v. United States, 25 F.2d 90 (7th Cir. 1928).

5. We note in passing that the equal protection clause of the Fourteenth Amendment applies only to the States, although defendant's argument also rests on the due process clause of the Fifth Amendment. See Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

F.Supp. at 462. Also, as noted above, the delay was found to have prejudiced Curry's entrapment defense. Because of the obvious dissimilarity between the positions of the two defendants, we hold there was no denial of defendant's constitutional rights by the district court in denying his and granting Curry's post-trial motions to dismiss.

■ Defendant also contends that the district court erred in not granting a pretrial hearing on his motion to dismiss. However, the court received briefs from both defendant and the Government and no request for a separate pretrial hearing was made. In fact, defendant did not even file a reply brief. We find no error here.

■ Defendant further contends that the trial court erroneously admitted, and was influenced by, certain testimony by co-defendant Curry which, it is argued, improperly implicated McCorkle in the crime. A review of the record reveals, however, that the court expressly and repeatedly sustained McCorkle's attorney's objections to the testimony by Curry alluded to, and struck it from the record "and from [the district judge's] mind." A district judge, in a bench trial, is permitted, and presumed, to exercise "the proper discretion in distinguishing between the improper and the proper evidence introduced at trial, and to have based his decision only on the latter, in the absence of a clear showing to the contrary by appellant." United States v. Menk, 406 F.2d 124, 127 (7th Cir. 1968), cert. den. 395 U.S. 946, 89 S. Ct. 2019, 23 L.Ed.2d 464 (1969). Defendant in the instant case has failed to make such a showing. In fact, the record contains a clear showing that the district judge properly exercised his discretion. Besides repeated comments at trial by the court, the memorandum opinion, 284 F.Supp. 458, 460, n. 1, contains the following comment:

> "During his [Curry's] testimony he did not identify McCorkle, and any attempts to do so by name were stricken from the record. Agent Boyles testified as to McCorkle's participation.

Curry and McCorkle, of course, presented inconsistent defenses. Thus, certain evidence offered against Curry, and parts of his own testimony, which might have tended to incriminate McCorkle, were admitted for the limited purpose of their applicability to Curry. Because the trial was before the Court, and without a jury, we indicated, as the trier of fact, that we would be able to segregate such evidence in our own mind so as not to prejudice McCorkle's defense."

■ Defendant's last contention is that the district court improperly considered the case as one requiring a determination of who was lying, defendant or agent Boyles. We are of the opinion, however, that, as trier of fact, the district court was entitled to narrow the question to one of credibility. This was neither an improper, summary rejection of defendant's theory of defense—mistaken identity—nor was it an abuse of judicial discretion.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.