**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eleanor LEE, Defendant-Appellant.**

**No. 16366.**

United States Court of Appeals
Seventh Circuit.

July 24, 1969.

Rehearing Denied Sept. 4, 1969.

Sam Adam, Charles B. Evins, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel.

Before KILEY and KERNER, Circuit Judges, and HOLDER, District Judge.*

KILEY, Circuit Judge.

Defendant appeals from her conviction, without a jury, under a one-count indictment charging her with an unlawful sale of heroin.[1]  We affirm.

We set forth the testimony favorable to the government: On March 10, 1965, government informer Hartley and nar-

---

* Judge Holder, from the Southern District of Indiana, is sitting by designation.

1. 26 U.S.C. § 4704(a).

cotics agent Gibson met with "Bo" Smith. Hartley asked Smith where he could meet defendant and get heroin. Smith made a telephone call and directed Hartley and Gibson to an apartment address. When they reached the address, Hartley went up to the apartment while Gibson waited on a lower landing. Hartley pressed the buzzer, defendant answered and admitted him into the apartment. Smith was present. Defendant sold heroin to Hartley. Her arrest, indictment and trial followed.

The offense was allegedly committed March 10, 1965. Defendant was arrested about ten months later, on January 25, 1966. She was indicted almost eleven months after arrest, on December 16, 1966. She contends that the district court erred in denying her pre-trial motion to dismiss the indictment, arguing that she was prejudiced by the "unnecessary" delay in presenting the charge to the grand jury. Her motion was based on Rule 48(b),[2] Fed.R.Crim.P., and the Sixth Amendment right to a speedy trial. She also contends that the delay effectively denied her Sixth Amendment right to compulsory process for witnesses in her favor, and denied her due process in a loss of opportunity to prepare her defense. We see no merit in these contentions.

■ Dismissal of an indictment under Rule 48(b) rests in the sound discretion of the district court, and on appeal the question is whether the court's ruling was an abuse of that discretion. Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808, 810–811 (1963). Rule 48(b) sets no schedule to be followed in arresting alleged offenders or prosecuting cases. It does state that where the delay is unnecessary in bringing a defendant to trial, the court *may* dismiss. This implies a burden on the government to show necessity if the delay is questionably long. But the proof is not required unless there is some evi-

dence of prejudice to the defendant. See United States v. Jones, 403 F.2d 498 (7th Cir. 1968), *cert. denied,* 394 U.S. 947, 89 S.Ct. 1280, 22 L.Ed.2d 480 (April 1, 1969); United States v. Napue, 401 F.2d 107, 115 (7th Cir. 1968), *cert. denied,* 393 U.S. 1024, 89 S.Ct. 634, 21 L.Ed.2d 568 (1969); United States v. Hauff, 395 F.2d 555, 556–557 (7th Cir. 1968); United States v. Deloney, 389 F.2d 324, *cert. denied,* 391 U.S. 904, 88 S.Ct. 1652, 20 L. Ed.2d 417 (7th Cir. 1968); United States v. Feinberg, 383 F.2d 60 (2d Cir. 1967).

■ Our function in reviewing the denial of defendant's motion is to consider the district court's balancing defendant's personal interest in having the charge presented to the grand jury without undue delay, against the government's interest in protecting the public by practical and effective enforcement of narcotics laws. We find that the district court did not abuse its discretion in striking the balance it did by denying defendant's motion to dismiss the indictment.

■ Defendant's motion claimed essentially that the eighteen months delay in indicting her rendered her unable to reconstruct events of March 10, 1965, the day of the alleged offense, or to obtain witnesses who could assist her in doing so. On its face this allegation might normally be enough to put the government to the burden of showing that the delay was reasonable. The longer the delay, the less burden on defendant in proof of prejudice. See Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214, 220–223 (1966) (dissent).

■ The government's answer to the motion to dismiss was in error in stating that the law of this Circuit is that the statute of limitations is the exclusive test of whether a pre-indictment delay is prejudicial. This court in United States v. Panczko, 367 F.2d 737 (7th Cir. 1966),

2. Rule 48. Dismissal.

 \*   \*   \*   \*   \*

(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against.

a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

*cert. denied,* 385 U.S. 1009, 87 S.Ct. 716, 17 L.Ed.2d 688 (1967), did state in effect that the "only" limit on pre-indictment investigation was the statute of limitations. However, subsequently in United States v. Deloney, 389 F.2d 324, 325 (7th Cir. 1968), the court found that the *Panczko* statement "may be somewhat confusing" and concluded that a delay less than the limitation period could conceivably require relief under the due process clause of the Fifth Amendment. And in United States v. Hauff, 395 F.2d 555, 557 (7th Cir. 1968), this court stated that "the rule in this Circuit is that a trial court should dismiss an indictment because of pre-indictment delay if the accused proves he has been prejudiced * * *." [3]

The question therefore is whether the motion showed prejudice sufficient to require dismissal of the indictment. Presumably the district court in the case before us relied upon *Panczko.* That decision, filed in late 1966, was this Circuit's law until discarded by *Deloney* in January, 1968.

After her indictment in December, 1966, defendant was arrested in January, 1967, taken before the Commissioner, informed by complaint of the charge against her, and then enlarged on bail. She was free until found guilty April 25, 1967, approximately 2 years after the alleged offense. At the trial she testified that her aunt and uncle were with her on March 10, 1965, in her apartment, and remained with her while "Bo" Smith and Hartley went to the kitchen, and that she did not see Hartley buy the narcotics; that her aunt and uncle were to be her witnesses, but her uncle had died on December, 1966, and her aunt had died a few days before trial.

Defendant made no mention of her uncle's death in her pre-trial motion filed in February, 1967, although according to her testimony he had died two months before. In that motion she claimed inability to reconstruct the events of March 10, 1965, and lack of opportunity to obtain witnesses who could assist her. At the trial, however, she reconstructed that day under her theory in detail. Her aunt had been available for more than a year after defendant's arrest and the filing of the complaint notifying her of the offense charged. And the government's chief witness testified that defendant sold him the heroin and stated on cross-examination that he saw no other woman in the apartment nor any man other than "Bo" Smith.

We think, in view of those events which occurred at the trial, that the error, if any, in the court's ruling on the pre-trial motion was cured by the testimony at trial which affirmatively shows no prejudice. Defendant's testimony was virtually a hearing upon the pre-trial motion and refuted what was alleged in the motion. On the narrow facts of this case we cannot say the absence of showing necessity for the delay requires a holding of prejudice. Were it not for refutation at trial, we would be hard put not to reverse under our supervisory power, if not on constitutional grounds.

3. This court has not yet attempted to expand the law of this circuit beyond the statement in *Hauff.* It has preferred an ad hoc approach applying appropriate factors to balance public and private interests. However, the government should be aware that members of this court are concerned over the length of pre-indictment delays, see Cummings, J. in United States v. Jones, 403 F.2d 499, 500 (7th Cir. 1968), and over the practice of deferring until trial rulings on pre-trial motions to dismiss, see dissent of Swygert, J. in United States v. Napue, 401 F.2d 107, 116–117 (7th Cir. 1968).

A similar concern is evident in the District of Columbia Circuit, which seems to have implied a presumptive prejudice to exist where delay is more than seven months and a presumptive non-prejudice where less than four months. See Woody v. United States, 125 U.S.App. D.C. 192, 370 F.2d 214 (1966); Worthy v. United States, 122 U.S.App.D.C. 242, 352 F.2d 718 (1965); Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). See also Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 812–816 (1963) (concurring opinion of Wright, J.); Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19 (1957).

■ Essentially there is no prejudice shown. Defendant's own motion shows she was given notice of the charge against her soon after her arrest by the complaint before the Commissioner. She was free on bond from that time until her conviction so that she had ample opportunity to arrange for an attorney and prepare her defense. She made no attempt to expedite trial. In her pre-trial motion she did not claim prejudice because of the loss of her uncle as a witness in her favor although he was dead, according to her later claim, when the motion was filed. The district court was not required to believe defendant's testimony that her aunt would have helped her as a witness because there is a dispute as to whether her aunt was present in defendant's apartment during the sale. And a claimed lapse of memory is futile, in view of her own detailed testimony of events at the time of the alleged offense. There was no abuse of discretion. We conclude that the court's ruling violated neither defendant's right to a speedy trial nor Rule 48(b).

There is no merit to defendant's contention that she was denied her constitutional rights of due process and to confront witnesses by the court's ruling which permitted Hartley and agent Gibson to testify to their conversation with "Bo" Smith when he directed them to defendant's apartment. The testimony was largely about what Smith did in making the telephone call; the challenged hearsay was in Smith's saying where defendant lived. Defendant's reliance upon Rierra v. United States, 357 F.2d 250 (5th Cir. 1966), is misplaced. There repeated incriminating hearsay statements attributed by a government witness to one Vinet, who was present in court but not called, were used to prove "what Vinet had said" out of defendant's presence. Here the hearsay statement was indeed unnecessary to the government's case, and was not prejudicial. The court admitted the testimony as that of a joint venture.

■ The government proved that the agent and informer met Smith, that he made a call, that they went to defendant's address and that she and Smith were there when Hartley and agent Gibson arrived.[4] We think that, even if erroneous, the ruling was harmless error beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 2, 1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). There is no need to discuss Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), or similar cases involving co-defendants or co-conspirators.

Defendant also contends that statements given by her during an hour's post-arrest in-custody period were inadmissible under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and Rule 5(a),[5] Fed.R. Crim.P., and that admission in testimony of the incriminating statements was reversible error. After her arrest and processing, about 3:00 p. m., she was taken to the Bureau of Narcotics office, and warned of her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), after which she stated she did not want an attorney present. She then made incriminating statements.

■ *Mallory* is of no aid to defendant. Mallory was arrested early in the afternoon, but no attempt was made to take

---

4. The record does not indicate why "Bo" Smith was not indicted, whether he was in court or why the government or defendant did not call him to testify.

5. Rule 5. Proceedings Before the Commissioner.

(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith.

him before a Commissioner until about 10:00 p. m. He originally protested his innocence, was given no warning of his rights, but finally confessed. Defendant's statements here were given soon after arrest, she was warned and waived her right to an attorney, and there is nothing to support an inference that the failure to present her before the Commissioner—before his departure at 4:00 p. m.—was deliberate or induced her statements.

 There is no merit in the claim that the agent who took defendant's incriminating statements deliberately tricked defendant into admitting her guilt by his misstatement that she was arrested for a narcotics sale "to a federal agent." She denied the sale to an agent but admitted selling to Hartley. We have read the entire testimony on this episode and agree with the district court that the agent's explanation before the admission as to the agent's part at the time of sale precludes any claim of invidious trickery.

▮ Defendant also claims violation of the rule in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), and Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), because the court sustained objections to questions on cross-examination as to Hartley's present address. That rule is concerned with the necessity of providing information about a witness for possible impeachment on cross-examination. Hartley testified he acted as informer to get "consideration" in his own pending narcotics case. He testified to his address at the time of the alleged offense, his non-permanent employment at that time and steady employment up to 1963, and his employment as a laborer at time of trial. And the case was tried before a judge without a jury. We see no violation of the Sixth Amendment right of confrontation here, since defendant was not denied an effective cross-examination of Hartley. Nor is United States v. Garafolo, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970 (1968), controlling here. See United States v. Teller, 412 F.2d 374 (7th Cir., June 13, 1969).

▮ Finally, defendant claims error in the court's examining in camera reports demanded under 18 U.S.C. § 3500, and excising part of a report. It is not denied in this court that all of the reports dealing with direct examination were made available to defendant. The point is moot.

Affirmed.