UNITED STATES of America, Plaintiff-Appellant,

v.

Willie Eugene CLAY, Defendant-Appellee.

No. 72-1654.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1973.

Decided June 18, 1973.

Rehearing En Banc Denied July 19, 1973.

James R. Thompson, U. S. Atty., William T. Huyck, Gordon B. Nash, Jr., Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellant.

Paul E. Freehling, Chicago, Ill., for defendant-appellee.

Before KILEY, PELL and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

The district court found that a delay of about eight months between arrest and indictment was not prejudicial to the defendant, but because the delay was unnecessary, he dismissed the indictment. The government appeals. We hold (1) that the order is appealable, and (2) that the district court erred.

Defendant was accused of making sales of heroin on June 9 and June 17, 1971, in violation of 18 U.S.C. § 841. He was arrested on June 27, posted bond shortly thereafter, and waived preliminary hearing on July 6, 1971. The indictment was not returned until February 24, 1972, nearly eight months later. Defendant pleaded not guilty and later, on March 30, 1972, moved to dismiss the indictment on the ground that the pre-indictment delay was "unnecessary" within the meaning of Rule 48(b) [1].

1. "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint." Fed.R.Crim.P. 48(b).

The trial judge directed the parties to file simultaneous affidavits, the defendant to describe any prejudice caused by the delay and the government to explain why the delay had been necessary. Defendant complied, but the government did not. The court found that "defendant has not made a showing of any particularized or demonstrable prejudice."[2] But in view of the government's failure to file any affidavit, the court was forced to conclude that the delay was unnecessary.

The district court noted its "duty to monitor the progress of litigation before it" and ruled that the decisive issue was whether the delay was necessary:

> "However, the crux of Rule 48 is not the length of delay, it is not even the prejudice occasioned to the defendant as a result of the delay; it is whether, irrespective of the time interval involved the delay was necessary." Tr. 70–71.

The determination that the delay was unnecessary therefore led to the order of dismissal.

## I.

Although the trial judge may have intended to dismiss the indictment with prejudice[3], such a result would have been unwarranted. The order of dismissal did not adjudicate the merits of the government's charge. Nor did it rest on a finding that the defendant's constitutional right to a speedy trial had been denied[4]. Indeed, the court expressly disavowed any such ground for his decision.

It is, of course, well settled that a Rule 48 dismissal may rest on a non-constitutional ground[5], such as "want of prosecution," and normally such a dismissal is without prejudice to a subsequent prosecution[6]. We believe a dismissal for the purpose of "calendar control" is in the same category. We therefore construe the district court's order as a dismissal without prejudice.

Our construction of the order does not foreclose appealability. Since the dismissal terminated the prosecution, "albeit without prejudice, it meets the test of finality." See Mann v. Unit-

---

The defendant also attacked the pre-indictment delay under the Fifth and Sixth Amendments to the Constitution. These claims were correctly rejected by the lower court (Tr. 69), and are not pressed on appeal.

2. Tr. 69. Appellant contends on appeal that his affidavit was sufficient to establish prejudice, but we are satisfied that the court's finding in this respect was correct.

3. He concluded his oral opinion by stating: "The indictment is dismissed and the defendant is discharged and ordered to go hence without a day." Tr. 73.

4. "We also agree that a dismissal based on a finding that the constitutional right to a speedy trial has been denied bars all further prosecution of the accused for the same offense." Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394, 397 (1962).

5. "Appellant says, however, that the dismissal was granted under Fed.R.Crim.P. Rule 48(b), for 'want of prosecution,' and that this is equivalent to a finding that he had been denied his constitutional right to a speedy trial, which finding is res

adjudicata and cannot now be re-examined. But even accepting appellant's contention that this was a Rule 48(b) dismissal, the conclusion does not follow. That Rule is much broader than he imagines. Undeniably, it implements the constitutional guarantee of a speedy trial. See Pollard v. United States, supra, 352 U.S. [354] at 361, n. 7 [77 S.Ct. 481, 1 L.Ed.2d 393]. But it goes further. As the Committee Note indicates, Rule 48 (b) 'is a restatement of the inherent power of the court to dismiss a case for want of prosecution.' And that power is not circumscribed by the Sixth Amendment. There are many cases in which the court, moved by the plight of an accused unable to make bond, will, and should, enlarge him, even though there has been no violation of the Speedy Trial Clause. If the judge could not do so, except with prejudice to a subsequent prosecution within the limitation period, serious inequity would result." Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394, 398 (1962).

6. Dortch v. United States, 203 F.2d 709, 710 (6th Cir. 1953).

ed States, 113 U.S.App.D.C. 27, 304 F.2d 394, 395–396 n. 1 (1962). The order is covered by both the language of the statute describing our appellate jurisdiction [7] and also by the language used by the Supreme Court in United States v. Marion, 404 U.S. 307, 312, 92 S.Ct. 455, 30 L.Ed.2d 468. The Court there stated:

> "Appellees had not been placed in jeopardy when the District Court rendered its judgment. The trial judge based his ruling on undue delay prior to indictment, a matter that was beyond the power of the Government to cure *since reindictment would not have been permissible under such a ruling.* The motion to dismiss rested on grounds that had nothing to do with guilt or innocence or the truth of the allegations in the indictment but was rather a plea in the nature of confession and avoidance, that is, where the defendant does not deny that he has committed the acts alleged and that the acts were a crime but instead pleads that he cannot be prosecuted because of some extraneous factor, such as the tolling of the statute of limitations or the denial of a speedy trial." (Emphasis added.)

In this case, if the district court's ruling were correct, re-indictment would not have been permissible. After the entry of the order of dismissal, it was obviously too late to shorten the pre-indictment delay that had already oc-

curred. Moreover, the issue of necessity had been determined adversely to the government. Therefore, even if the dismissal was technically without prejudice, as a practical matter, assuming the correctness of that order, there was no possibility of another indictment that would withstand an identical motion to dismiss.

The *Marion* indictment had been dismissed prior to January 2, 1971, the effective date of § 14(a) of the Omnibus Crime Control Act of 1970, 84 Stat. 1870. Since the order dismissing that indictment sustained "a motion in bar" within the meaning of the Criminal Appeals Act prior to its amendment, see 404 U.S. at 312, 92 S.Ct. 455, the appeal was taken directly to the Supreme Court [8].

The clause in the prior statute expressly authorizing appeals from dismissals sustaining such motions was eliminated by the 1970 amendment. It might, therefore, be argued that such orders may no longer be appealed to any court. We think it is perfectly clear, however, that this kind of "decision, judgment, or order of a district court dismissing an indictment" is now appealable to a court of appeals. The language of the statute in its present form literally covers all such orders; [9] they were not previously appealable to this court only because of the former exception from court of appeals jurisdiction for those orders which were directly re-

7. "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." 18 U.S.C. § 3731.

8. At the time of the *Marion* appeal, the Criminal Appeals Act, 18 U.S.C. § 3731, provided in relevant part:

   "An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

   \*    \*    \*    \*    \*

   "From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

   "An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases in the following instances:

   "From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof *except where a direct appeal to the Supreme Court of the United States is provided by this section.*" 63 Stat. 97. (Emphasis added.)

9. See note 7, *supra.*

viewable by the Supreme Court.[10] The removal of that exception merely transferred appellate jurisdiction of orders sustaining motions in bar from the Supreme Court to the courts of appeal. Although we do not find this specific change explained in the legislative history, the purpose to eliminate technical distinctions and to avoid unnecessary direct appeals to the Supreme Court is manifest and supports a literal reading of the broad language defining our jurisdiction.[11]

## II.

■ The delay issue most frequently presented to an appellate court is the question whether the defendant's constitutional right to a speedy and fair trial was impaired by the passage of time. Although prejudice to the defendant is only one of the four factors to be weighed in resolving that issue, see Barker v. Wingo, 407 U.S. 514, 532–533, 92 S.Ct. 2182, 33 L.Ed.2d 101, we may assume *arguendo* that delay would always be considered harmless error unless the defendant-appellant made a persuasive showing of prejudice.[12] That assumption is of no avail to the government in

this case, however, because, as we have already pointed out, Rule 48(b) authorizes dismissals on non-constitutional grounds and, as the district court correctly noted, expressly authorized dismissals in certain cases in which no prejudice has been shown. Thus, the mere fact that no prejudice was shown does not require reversal.

■ On the other hand, the mere fact that some unnecessary delay occurred does not require affirmance. "Rule 48(b) is a codification of the inherent power of a court to dismiss a case for want of prosecution."[13] In order to maintain control of its calendar, a court has the power to require the parties to proceed with diligence and to meet deadlines established by court rule or order. If cases are completely inactive for prolonged periods, or perhaps simply too old to be kept on an active calendar, a court surely has power to enter an order of dismissal for want of prosecution even though neither litigant has been prejudiced by the delay. Moreover, the court may properly threaten to enter such an order as a means of requiring litigants to pursue their matters to an expeditious conclusion. But if no unusual cir-

10. See the last two paragraphs of the quotation from 18 U.S.C. § 3731, as it existed prior to amendment, set out in footnote 8, *supra.*

11. The explanation of the amendments to the Criminal Appeals Act in the Conference Report states, in part:
"The Senate amendment contained provisions not in the House bill which amended the Criminal Appeals Act, section 3731 of title 18, United States Code, in the following significant respects:
"1. Technical distinctions in pleadings as limitations on appeals by the United States were eliminated and in their place the Government was authorized to appeal any decision or order terminating a prosecution execute an acquittal.
\* \* \* \* \*
"4. A provision was included declaring that the Criminal Appeals Act should be liberally construed."
U.S.Code Cong.Admin.News 1970, p. 5848.

The decision is United States v. Ponto, 454 F.2d 657 (7th Cir. 1971), rested on two objections to appealability, neither of which is present here. The constitutional objection is inapplicable, see United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; and the statutory objection has been remedied, see United States v. McCreery, 473 F.2d 1381 (7th Cir. 1973). See also United States v. Esposito (7th Cir., June 12, 1973).

12. See United States v. Lee, 413 F.2d 910, 912 (7th Cir. 1969), cert. denied, 396 U.S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515; United States v. Lewis, 406 F.2d 486, 493–494 (7th Cir. 1969), cert. denied, 394 U.S. 1013, 89 S.Ct. 1630, 23 L.Ed.2d 39; United States v. Jones, 403 F.2d 498, 500 (7th Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1280, 22 L.Ed.2d 480; United States v. Deloney, 389 F.2d 324 (7th Cir. 1968), cert. denied, 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 417.

13. Moore's Federal Practice, ¶48.03[1].

cumstances are shown,[14] past delay does not justify dismissal of a case which is in fact going forward with appropriate speed.[15] There were no special circumstances in this case which called for the exercise of judicial discretion.

Prior to the indictment on February 24, 1972, the defendant made no request for relief of any sort. After the indictment was returned and the case was assigned to the district court's calendar, it went forward with appropriate speed. The arraignment was held on March 15 and the motion to dismiss was filed on March 30. The motion was answered on April 10 and argued and decided on April 28. Although a more expedited schedule could have been set, there was no significant period of inactivity while the case was on the district court's calendar. Therefore, although we agree that Rule 48(b) provides the court with a device for control of its calendar, that purpose does not justify the order entered here.

The order rested on the court's holding that a period of approximately eight months of unnecessary pre-indictment delay required dismissal. We have no doubt that a district court has the power to promulgate a rule which would lead to the dismissal of indictments returned after such a period of unnecessary or unexplained delay.[16] However, such a rule should be applied uniformly within the district and enforced only after the United States Attorney is aware that such a consequence will automatically follow a delay of that magnitude. Absent such forewarning, or some other showing justifying an exercise of discretion in this particular case, we hold that it was error to dismiss the indictment simply because unnecessary delay of approximately eight months occurred before the indictment was returned.

Reversed and remanded for trial.

---

14. *Cf.* Mann v. United States, 113 U.S.App. D.C. 27, 304 F.2d 394, 398 (1962).

15. Of course, if such delay violated the Constitution, dismissal is necessary. See United States v. Marion, 404 U.S. 307, 319, 92 S.Ct. 455, 30 L.Ed.2d 468; Pollard v. United States, 352 U.S. 354, 361 n. 7, 77 S.Ct. 481, 1 L.Ed.2d 393.

16. "The public interest in a broad sense, as well as the constitutional guarantee, command prompt disposition of criminal charges." Strunk v. United States, 412 U.S. 434, 439, n. 2, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (June 11, 1973).