**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Peter J. KONDOS, Defendant.**

**No. 72–CR–77.**

United States District Court,
E. D. Wisconsin.

Nov. 2, 1973.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

George D. Crowley, Chicago, Ill., for defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

Defendant Peter J. Kondos has been indicted for evading income taxes in violation of Title 26 U.S.C. § 7201. The matter is presently before me on defendant's motions to suppress certain evidence and to dismiss the indictment.

On January 20, 1967, Special Agent George Mullins of the Internal Revenue Service initiated an investigation into possible criminal violations by the defendant. On that date Mr. Mullins contacted the defendant by phone and asked that certain of Mr. Kondos' records be made available to him. He told the defendant that "our investigations were made to determine whether or not there had been any criminal violations, that we were not accusing him of any specific violation, but that he did not have to give us his records, or to give us information." (Transcript of hearing on motion to suppress at 21, hereafter "Transcript.") On October 3, 1967, the Internal Revenue Service (hereafter "I.R.S.") announced in News Release No. 897 that all special agents must identify themselves and their function as criminal investigators to taxpayers and, if an investigation goes beyond preliminary inquiries, advise taxpayers of their constitutional rights to remain silent and to retain counsel. At that time Agent Mullin's investigation of the defendant had gone beyond preliminary inquiries. (Transcript at 48.) Though numerous contacts were made between I.R.S. and the defendant after October 3, 1967, Mr. Kondos was never advised of his right to counsel. The defendant claims that all documentary and testimonial evidence secured after the date of the news release should be suppressed because no warning had been given.

In United States v. Dickerson, 413 F.2d 1111 (7th Cir. 1969), the Seventh Circuit Court of Appeals held that *Miranda* warnings must be given to a taxpayer when his case is transferred to the Intelligence Division of I.R.S. However, *Dickerson* expressly applied prospectively and is not controlling in the case at hand. Other circuits have held that I.R.S. must comply with News Release No. 897. United States v. Heffner, 420 F.2d 809 (4th Cir. 1970); United States v. Leahey, 434 F.2d 7 (1st Cir. 1970). It is therefore clear that at present a failure to give the appropriate warnings would result in the suppression of any evidence obtained by I.R.S. agents.

I do not think that the policies which favor a per se rule of suppression because the defendant was not properly advised of his rights must apply under the circumstances of this case. From the date of the news release or, in the Seventh Circuit, from the date of the *Dickerson* decision, all subjects of I.R.S. criminal investigations must be advised of their rights. The requirement that investigators uniformly comply, whether mandated by the constitution or the departmental regulations, is therefore satisfied.

Since the investigation of Mr. Kondos went beyond the stage of preliminary inquiries prior to the date that warnings became required, the issue is whether he individually was prejudiced by the failure to advise him of his rights with the specificity required by the news release. I think it is clear that he was not. Mr. Kondos is an attorney. He has represented at least one individual being investigated for possible criminal violations by the Intelligence Division of the I.R.S. and had contact with Agent Mullins in his official capacity

prior to this investigation. The defendant was also advised at the initial contact that the agent was investigating possible criminal violations and that he did not have to produce any records. Since the defendant is an attorney, had prior contact with the division and agent investigating him, and was advised in a cursory manner of his rights, I do not feel the evidence in question need be suppressed. The *Heffner* decision might appear. to require a different result, but the cases are easily distinguishable. The taxpayer in *Heffner* was "uneducated and emotionally disturbed." *Heffner* at 810. The same considerations do not apply when the defendant is well educated, particularly, as in this case, an attorney.

■ Several factors support my conclusion. First, as I have already mentioned, the result in this case affects only this particular defendant. The right of the public generally to be warned is clearly protected as of the date of the news release. Second, I feel that attorneys must be held to a very high standard of conduct. I have to presume that an attorney knows his legal rights, and since the defendant was aware, by prior experience, of the nature of Agent Mullin's investigation, he was not prejudiced by the cursory warning that was given. Finally, it is desirable that administrative agencies promulgate rules which protect individual rights. If an agency must jeopardize all prior or existing investigations by adopting desirable, though not required, regulations, it will be less likely to adopt such regulations. Therefore, unless the particular circumstances of a case dictate otherwise, departmental rules should enjoy prospective application.

I wish to make it clear that I am not holding that attorneys need not be advised of their rights. If the investigation of defendant Kondos had gone beyond preliminary inquiries after October 3, 1967, the case would present a different issue. I am simply holding that under these particular circumstances—(1)

the defendant is an attorney who was aware of the functions of the investigating body, and (2) the date at which defendant should have been advised of his rights pursuant to the news release predated the release—suppression of the challenged evidence is not required.

■ Defendant has also moved to dismiss the indictment because of the delay between the investigation and the presentation of the case to the grand jury. In order to dismiss the indictment the defendant must prove that "he has been sufficiently prejudiced by an unnecessary and unreasonable preindictment delay." United States v. Baum, 435 F.2d 1197, 1201 (7th Cir. 1970); see also United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and United States v. Hauff, 395 F.2d 555 (7th Cir. 1968). The defendant has not satisfied that burden.