983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel HARRELL, Defendant-Appellant.
 No. 91-3433.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.[1]
Decided Jan. 14, 1993.
Rehearing Denied March 2, 1993.
 
 Before COFFEY, EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Following a bench trial, defendant Nathaniel Harrell was found guilty of three bank robberies. On appeal, he contends that the magistrate erred in denying defense counsel's pre-trial motion to withdraw; in limiting the scope of cross-examination at a pre-trial identification suppression hearing; in denying a motion in limine to permit the introduction of evidence of a similar robbery committed by someone other than defendant; and that the in allowing defendant to be cross-examined regarding prior convictions.
 
 
 2
 Defendant failed to object to the denial of defense counsel's motion to withdraw, and the limitation of cross-examination at the suppression hearing, within ten days following the magistrate's decision, and thus has waived the issues for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 156, 106 S.Ct. 466, 475 (1985); Video Views, Inc. v. Studio 21, Ltd, 797 F.2d 538, 539 (7th Cir.1986), citing, inter alia, United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); United States v. Walters, 638 F.2d 947, 945-50 (6th Cir.1981); United States v. Lewis, 621 F.2d 1382, 1386 (5th Cir.1980); 28 U.S.C. § 636(b)(1). Defendant argues that we should disregard this waiver because "[i]t must be remembered that defendant had different counsel at trial than on appeal, and this should not be held against him." We decline to adopt a rule where defendant can disregard all waivers by merely obtaining new counsel on appeal.
 
 
 3
 Defendant was charged with committing bank robberies in Milwaukee on March 21, April 10, and May 7, 1991. Defendant filed a pre-trial motion seeking to have certain other crimes evidence admitted at trial:
 
 
 4
 "On July 17, 1991 a bank ... in Glendale was robbed by a black male who resembled the black male described by the eyewitnesses in the case at bar insofar as the actors are both black males of the approximate height that rob banks in the afternoon in the Milwaukee area; if permitted to admit said evidence defense will call Glendale's investigating detective (Nitschke) and this defendant's probation/parole officer who was responsible for supervising this defendant's urine drop that occurred at the same time that the Glendale bank was robbed. Also, if permitted to introduce said evidence, trial counsel will give the eyewitnesses in the case at bar the surveillance photos from the Glendale job and ask if the actor depicted therein may have been the culpable person who robbed the bank that said witness observed."
 
 
 5
 At the hearing on this motion, the only testimony which defense counsel referred to was that of Detective Nitschke of Glendale who would testify as to "the method that was reported to him to have been used in the robbery" in Glendale on July 16, 1991. Detective Nitschke would also testify regarding the descriptions given to him by various witnesses. However, defense counsel had viewed the bank's surveillance photos from the Glendale robbery and it was counsel's "impression ... that there was no basis to present those photos at the time of trial because of the manner of disguise was so complete that there was very little, if any, of the subject that was visible to the person viewing the surveillance photos."
 
 
 6
 A defendant, "in order to prove mistaken identity, may show that other crimes similar in detail have been committed at or about the same time by some person other than himself." 2 Weinstein and Berger, Weinstein's Evidence par. 404, at 404-94, and fn. 11 (1992). This is sometimes referred to as a "reverse 404(b)" method. United States v. Stevens, 935 F.2d 1380 (3d Cir.1991). Other-crimes evidence being used defensively is admissible if "it tends, alone or with other evidence to negate [defendant's] guilt of the crime charged against him." United States v. Stevens, 935 F.2d 1380, 1405 (3d Cir.1991) (citations omitted). Thus, the "admissibility of 'reverse 404(b)' evidence depends on a straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues," under Rules 401 and 403 of the Federal Rules of Evidence. United States v. Stevens, 935 F.2d at 1404. See generally, 2 Wigmore, Wigmore on Evidence § 304, at 252, and § 341, at 307 (J. Chadbourn rev. ed. 1979) (emphasis in original).
 
 
 7
 However, we know nothing more than the fact that some unknown, well-disguised black male committed a bank robbery in a suburb of the large city where the banks which defendant are charged with robbing are located. The Glendale robber was apparently so well disguised that even the surveillance photographs are unhelpful.
 
 
 8
 Moreover, the modus operandi was not the same. Defendant was charged with robbing banks by handing notes to the tellers, instructing them to put the money in defendant's briefcase. In demanding the money, the robber did not threaten to use a weapon or any type of force. In contrast, the Glendale bank robber used no note; threatened to blow up the bank with a bomb allegedly contained in a box he carried; wore an extensive disguise; and handed the teller an envelope in which he would carry the money.
 
 
 9
 Defendant offered no basis upon which the district court could find the Glendale robbery was relevant to the Milwaukee robberies. All of the factors which might combine to permit such negative proof are absent. The highly speculative and vague evidence does not have a tendency to negate defendant's guilt anymore than any other bank robbery committed in 1991 in southern Wisconsin by a disguised black male. The trial court properly ruled that the evidence of the Glendale robbery had no relevance and properly excluded the evidence under Federal Rules of Evidence 401 and 403.
 
 
 10
 The district court also properly based its ruling on the fact that the Glendale detective whom defendant intended to call would be testifying through hearsay testimony as to what the eyewitnesses from the Glendale robbery had told him. Fed.R.Evid. 801(c). Defense counsel offered no basis upon which the court could admit this hearsay testimony.
 
 
 11
 Defendant next argues that it was error to allow the prosecution to cross-examine defendant regarding prior criminal convictions. We find no error occurred in permitting this cross-examination since defendant himself introduced the evidence of his prior convictions on direct examination. See, e.g., United States v. Hauff, 395 F.2d 555 (7th Cir.1968), cert. denied, 393 U.S. 843; United States v. Williams, 939 F.2d 721 (9th Cir.1991); United States v. Cobb, 588 F.2d 607 (8th Cir.1978), cert. denied, 440 U.S. 947 (1979).
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Appellant has filed a statement indicating that the parties agree that oral arguments are not necessary. Upon consideration of the statement, the briefs, and the record, we conclude that oral argument would not be helpful to the court, and thus the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Circuit Rule 34(f)