**UNITED STATES of America, Plaintiff,**

v.

**Frank J. PROVINZANO, Defendant.**

**No. 70–CR–44.**

United States District Court, E. D. Wisconsin.

Sept. 18, 1970.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has submitted a number of motions requesting dismissal, suppression, severance, and also discovery. The indictment in this case charges five separate counts against the defendant, to all of which he has entered pleas of not guilty.

## DISCOVERY MOTIONS

In view of the fact that the instant decision grants the defendant's motions to

dismiss two of the counts and, also, in view of the fact that the government, in its brief, has agreed to comply with several of the defendant's demands for discovery, this decision will not purport to resolve the defendant's motions for a bill of particulars, the production of grand jury minutes, the production of exculpatory evidence, or for the inspection of documents. In connection with his motion for the production of exculpatory evidence, the defendant has requested the court to conduct an evidentiary hearing. After considering the instant order and also this court's decision in United States v. Cullen, 305 F.Supp. 695 (E.D.Wis.1969), the defendant's counsel is requested to advise the court upon which of the remaining motions he seeks formal rulings by the court.

## SUPPRESSION MOTIONS

In addition, this decision will not resolve the defendant's motion to suppress evidence since it appears from the briefs that an evidentiary hearing will be required in order to determine that issue. However, a date for a hearing in this matter will be set in this order.

## DISMISSAL—COUNT I

The first count of the indictment reads as follows:

"That from October 23, 1969 and continuing through January 5, 1970, in the Eastern District of Wisconsin, FRANK J. PROVINZANO, being an employee of the United States, that is, a Field Audit Branch Chief, GS–14, of the Internal Revenue Service, on duty at Milwaukee, Wisconsin, did wilfully use his official position to oppress a subordinate, William Lassow, under color of law to perform homosexual acts with him; all in violation of Section 7214(a) (1), Title 26, United States Code of Laws."

Section 7214(a) of Title 26, under which the defendant is charged, provides as follows:

"§ 7214. *Offenses by officers and employees of the United States*

*(a) Unlawful acts of revenue officers or agents.*—Any officer or employee of the United States *acting in connection with any revenue law of the United States*—

(1) who is guilty of any extortion or willful oppression under color of law; * * *." (emphasis added)

■ The defendant urges that the omission of the allegation that the defendant was "acting in connection with any revenue law of the United States" is a fatal one requiring the dismissal of count I. An indictment must set forth all of the essential elements of the charged offense. Russell v. United States, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240, 251 (1962). In United States v. Pearce, 275 F.2d 318, 324 (7th Cir. 1960), the court reversed the conviction and stated:

"It is fundamental that a charge must allege all facts essential to constitute an offense. A 'value of $5,000 or more' is an essential element of the offense."

■ ■ In my opinion, the statutory clause "acting in connection with any revenue law of the United States" is a vital and integral part of the statute, and its omission necessitates the court's dismissing count I. The allegation that the defendant used his "official position" is not the equivalent of his "acting in connection with any revenue law".

In United States v. Johnson, 398 F.2d 29 (7th Cir. 1968), the defendant was charged under 26 U.S.C. 7214(a) (4), and the indictment there, unlike the one at bar, averred that the defendant was "acting in connection with any revenue laws" (p. 30); the defendant there urged that the statute did not apply to his activities after working hours, but the court stated (p. 31):

" * * * He was charged with acting in connection with the revenue laws and he was so acting in preparing re-

turns even if he did so away from his office and after regular working hours."

 Although other motions of the defendant challenge count I on the additional grounds that the statute omits either a standard of guilt or definitions of the words "extortion" or "wilfull oppression", the statute in question, in my opinion, is not vague and is sufficiently definite to withstand these challenges. Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

### DISMISSAL—COUNT II

Count II provides as follows:

"That on or about the 21st day of September, 1967, in the Eastern District of Wisconsin, FRANK J. PROVINZANO, being an employee of the Internal Revenue Service, to wit, Group Supervisor, Field Audit Division, GS-13, under color and pretense of such office wilfully did commit an act of extortion by demanding that John Jensen permit said employee to perform homosexual acts on him; all in violation of Section 872, Title 18, United States Code of Laws."

Section 872 of Title 18, under which the defendant is charged, provides as follows:

"§ 872. *Extortion by officers or employees of the United States*

Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined not more than $5,000 or imprisoned not more than three years, or both; but if the amount so extorted or demanded does not exceed $100, he shall be fined not more than $500 or imprisoned not more than one year, or

both. June 25, 1948, c. 645, 62 Stat. 740; Oct. 31, 1951, c. 655, Sec. 24(b), 65 Stat. 720."

██ ██ If the defendant were convicted of violating § 872, the permissible punishment would vary depending upon the "amount so extorted or demanded". The Congress contemplated that a sum of money would be demanded or, at least, that the act of extortion would relate to something which could be translated into monetary values. In my opinion, count II of this indictment fails to allege the extortion of any sum of money or of any other item of value which is capable of being expressed in terms of money; and, as a result, count II may not reasonably be construed to state a crime under § 872.

In United States v. Gordon, 253 F.2d 177, 180 (7th Cir. 1958), the court reviewed an indictment charging a violation of 18 U.S.C. 659 (possession of stolen chattels). Although the statute distinguished the punishments depending upon the values involved, the indictment in that case did not refer to the value of the goods. The court held that the counts of the indictment were defective, stating:

"It is at once apparent that the statute under consideration describes two classes of offenses, dependent upon the value of the property, that is, a felony if the value exceeds $100, and a misdemeanor if the value does not so exceed. Neither count 1 nor count 3 contains any allegation, by reference or otherwise, as to the value of the property alleged to have been unlawfully possessed. Are the counts for this reason insufficient as a matter of law? We hold they are."

In *Gordon*, the court also made the following comments which are peculiarly germane to the case at bar (p. 180):

" * * * To hold that an allegation of value is not essential would place both the accused and the court in an awkward, if not intolerable, situation. A defendant should not be expected or

required to plead to a count without knowledge as to whether it charges a felony or a misdemeanor. A plea of guilty to such a count would leave the court in the dark as to whether to impose sentence for a felony or misdemeanor. The government argues that it does not follow from a failure to allege value that no offense was proved. This, if true, is immaterial. The issue is a failure to allege, not a failure to prove."

Mr. Provinzano has also moved to dismiss count II on the ground that there was an unnecessary delay between the date of the alleged offense (September 21, 1967) and the date of the submission of the matter to the grand jury. The indictment was filed on March 10, 1970. The defendant claims that this delay prejudiced his ability to prepare his defense. The government's response to this contention is that part of the delay was occasioned by proceedings in the state court, which lasted until late 1968. In addition, the government contends that its deferring the case had no "sinister purpose". Further, the government suggests that the time within which it has the right to prosecute is restricted only by the statute of limitations, citing United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); this argument was expressly rejected by the court in United States v. Napue, 401 F.2d 107, 114 (7th Cir. 1968), and United States v. Deloney, 389 F.2d 324, 325 (7th Cir. 1968).

The period of time which elapsed in the case at bar between the date of the alleged crime and the date of the indictment was almost 2½ years. This period is far longer than the 6 months' pre-indictment delay in United States v. Deloney, supra; it is also far longer than the 7 months which expired before the complaint was sworn out in Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (Cir. 1965); it is far longer, too, than the 14 months' pre-indictment procrastination found in United States v. Panczko, 367 F.2d 737 (7th Cir. 1966).

The United States may have been aware of the defendant's conduct and its relationship to federal law during the pendency of the state court proceedings. If so, to have waited until the state charges were concluded (more than a year after the alleged occurrence) and then to have withheld the indictment until the passage of well over an additional year, might well be an unreasonable delay and require the dismissal of count II.

In spite of the lengthy postponement involved in the indictment at bar, I believe that the issue of dismissal on this ground must abide a hearing on the reasonableness of the delay and the possible prejudice resulting therefrom. However, since I have already determined that dismissal is required on another ground, there is no need to schedule a hearing on this question.

The defendant advances several other grounds for the dismissal of count II which are rendered moot by my conclusion that the count must be dismissed for its failure to allege a crime under § 872.

## ELECTION MOTION

The defendant has moved for the entry of an order requiring the government to elect upon which of counts III, IV, and V it chooses to proceed. Each of the last three counts of the indictment sets forth an alleged perjury occurring on January 15, 1970 while the defendant was being interrogated under oath by a Mr. Weber, an inspector of the internal revenue service. In counts III and IV, the defendant allegedly perjured himself in responses to questions concerning advances toward a Mr. Lassow. Count V relates to alleged misconduct with others.

An examination of each of the questions contained in counts III and IV persuades me that they both dealt with the same subject matter and, in reality, put the same question to the defendant. The question contained in count V, however, would appear to be different from those contained in counts III and IV.

In Masinia v. United States, 296 F.2d 871, 880 (8th Cir. 1961), the court observed that "The offense of perjury may not be compounded by the repetitious asking of the same question". See also United States v. Yukio Abe, 95 F.Supp. 991 (D.C.Hawaii 1950). In the analogous area of contempt, the court said in United States v. Orman, 207 F.2d 148 (3d Cir. 1953), p. 160:

> " * * * But where the separate questions seek to establish but a single fact, or relate to but a single subject of inquiry, only one penalty for contempt may be imposed. * * * Where the witness has refused to give any testimony, a committee cannot multiply his contempt by continuing to ask him questions each time eliciting the same answer."

Accordingly, it is my opinion that the prosecution must be required to elect upon which one of counts III or IV it wishes to proceed.

## MOTION FOR SEVERANCE

The dismissal of counts I and II has rendered moot the defendant's application to sever those counts from counts III, IV and V.

## CONCLUSION

Now, therefore, it is ordered:

A. That the defendant's motions to dismiss counts I and II of the indictment be and hereby are granted.

B. That the defendant's motion to require the government to elect between counts be and hereby is granted as to counts III and IV and denied as to count V; that such election be made by the United States and filed within ten days from the date of this order.

C. That the defendant's motion to suppress the evidence as to either count III or IV (as elected) and as to count V be and hereby is set down for an evidentiary hearing at 9:00 A.M. on Friday, October 16, 1970.

D. That within ten days from the date of this order defendant's counsel advise the court in writing upon which of the defendant's several motions for the production of documents and for discovery he seeks a formal ruling from the court.

E. That the defendant's motion for severance be and hereby is denied as moot.