**UNITED STATES of America,**
**Plaintiff,**

v.

**Calvin L. PLUIM, Defendant.**
**No. 70–CR–150.**

United States District Court,
E. D. Wisconsin.

Feb. 8, 1971.

David J. Cannon, U. S. Atty. by Terry Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert Henke, Appleton, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has brought seven motions in connection with the indictment charging him with a failure to report for induction for military service. Although a briefing schedule was established by the court, the defendant has failed to file any brief in support of his motions.

In its brief, the government has stated that it will voluntarily comply with the demands for production in the defendant's third and fourth motions, and therefore, those motions are moot.

The first motion of the defendant seeks to have the action dismissed "by reason of undue delay in commencement of prosecution by the plaintiff." Under the recent decision of United States v. Deutsch, 440 F.2d 651 (7th Cir., decided Jan. 13, 1971), the defendant would have the burden of showing that he was prejudiced by the alleged delay. In the absence of a brief by the defendant or supporting affidavits, there is no reason to believe that such prejudice exists in the instant case. This motion, therefore, must be denied.

The defendant's second motion seeks dismissal on the ground "that the indictment is insufficient to state a cause of action." The instant indictment satisfies the requirements of Rule 7(c), Federal Rules of Criminal Procedure; it asserts the essential facts which constitute the offense charged in "plain, concise and definite" language. In my opinion, the indictment cannot be denominated insufficient, and this motion by the defendant should be denied.

The fifth motion brought by the defendant is a demand that the defendant produce the minutes of the grand jury and allow the defendant an opportunity to copy the same. The right of a defendant in a criminal case to examine grand jury minutes was considered by this court in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis.1969). In that decision, the court ruled that a defendant should be permitted to examine the grand jury minutes of proposed witnesses 24 hours before the trial. In its brief in this matter, the government asserts that *Cullen* controls; thus, I conclude that the government will comply with the 24-hour requirement. In view of this, this motion by Mr. Pluim will be denied.

In his sixth motion, the defendant seeks dismissal alleging that he is to be involved in an unconstitutional and illegal foreign war. Similarly, in his seventh motion, he demands dismissal because of his belief that the selective service act is unconstitutional. In my

opinion, the grounds advanced in connection with the sixth and seventh motions are not meritorious and should be denied.

Now, therefore, it is ordered that the first, second, fifth, sixth and seventh motions of the defendant be and hereby are denied.

It is also ordered that the third and fourth motions of the defendant are denied as moot.