**UNITED STATES of America, Plaintiff,**

v.

**Guy Frederick SOMERS, Defendant.**

**No. 70–CR–162.**

United States District Court, E. D. Wisconsin.

March 17, 1971.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Risser & Risser by Thomas C. Eckerle, Madison, Wis., for defendant.

———◆———

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the indictment in this matter on the grounds that it does not state facts sufficient to constitute an offense against the United States and, further, on the grounds that the Selective Service Act, under which this prosecution is brought, is unconstitutional.

This court has recently denied similar motions in United States v. Nilson, (E. D.Wis., decided February 23, 1971) and United States v. Pluim, 323 F.Supp. 164 (E.D.Wis., decided February 8, 1971).

I believe that the indictment against Mr. Somers is legally sufficient under the standard discussed in *Pluim*, where I noted:

"The instant indictment satisfies the requirements of Rule 7(c), Federal Rules of Criminal Procedure; it asserts the essential facts which constitute the offense charged in 'plain, concise and definite' language. In my opinion, the indictment cannot be denominated insufficient, and this motion by the defendant should be denied."

I also find the contention that the Selective Service Act is unconstitutional to be without merit, and deny defendant's motion to dismiss the indictment on that ground as well.

The defendant has made numerous motions for the production of documents pursuant to Rule 16, Federal Rules of Criminal Procedure. The United States has agreed to supply the documents requested (to the extent available), with the exception of the grand jury testimony, which the government will produce only as to those persons who are called as witnesses at the trial. The latter restriction is supported by my decision in United States v. Cullen, 305 F.Supp. 695 (E.D.Wis.1969). Because of the government's amenability to the production of the remaining documents, this motion is moot.

Now, therefore, it is ordered that the defendant's motions to dismiss and for the production of documents be and hereby are denied.