**UNITED STATES of America, Plaintiff,**

v.

**Richard R. KING, Defendant.**

**No. 71–CR–105.**

United States District Court, E. D. Wisconsin.

Sept. 22, 1971.

David J. Cannon, U.S. Atty. by Terry E. Mitchell, Milwaukee, Wis., for plaintiff.

Sander Karp, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the complaint because the indictment was not returned by the grand jury until almost two full years after the alleged crime.

The defendant is charged with failure to report for induction on June 2, 1969.

The indictment was returned on May 26, 1971. The defendant has filed an affidavit which asserts that the pre-indictment delay has prejudiced him in regard to presentation of the facts and circumstances which occurred on June 2, 1969, and also has prejudiced his ability to locate witnesses to substantiate such facts; these contentions have not been contradicted by the prosecution.

In my opinion, the defendant has met the burden imposed upon him by United States v. Deutsch, 440 F.2d 651 (7th Cir. 1971). See also United States v. Deloney, 389 F.2d 324, 325 (7th Cir. 1968).

The period of time which elapsed in the case at bar between the date of the alleged crime and the date of the indictment was 23 months. This period is significantly longer than the six months' pre-indictment delay in United States v. Deloney, supra. It is also far longer than the seven months which occurred in Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). It is even longer than the 14 months' pre-indictment procrastination found in United States v. Panczko, 367 F.2d 737 (7th Cir. 1966). I have previously examined related problems in United States v. Pluim, 323 F. Supp. 164 (E.D.Wis.1971), and United States v. Provinzano, 50 F.R.D. 361, 365 (E.D.Wis.1970).

If Mr. King failed to report for induction on June 2, 1969, that must necessarily have been a fact known to the government. The failure to indict until the passage of almost two years thereafter cannot, in my opinion, be treated as a reasonable delay. The lengthy passage of time, together with the defendant's affidavit in support of his motion, establish a prima facie case of prejudice.

Now, therefore, it is ordered that the defendant's motion be and hereby is granted.